**1835.**

CHASE
*v.*
BYRNE.

---

CHASE *v.* BYRNE.

---

Where notes are taken in satisfaction of a judgment, the debtor giving them must prove affirmatively not only delivery and acceptance, but also an agreement to receive them in payment and to run the risk of their goodness—otherwise he cannot set up a plea of accord and satisfaction.

---

*Sept.* 15,
1835.

*Accord and
satisfaction.*

Judgment creditor's bill. Plea, accord and satisfaction. It appeared by the testimony taken under the issue upon the plea that on the judgment being had, the attorney agreed to take good business paper and goods in payment and settlement of the debt. Certain notes and goods were accordingly received : but the notes turned out to be worthless. There was evidence which went to negative an intention of taking the notes as cash.

Mr. *J. Taylor* and Mr. *Selden*, in support of the plea.

Mr. *D. D. Field*, for the complainant.

THE VICE-CHANCELLOR :—This is a judgment-creditor's bill and to which the defendant has pleaded in bar an accord and satisfaction, by the delivery of three several promissory notes of third persons and some goods. Issue is joined upon

the plea; and the cause is before the court upon the question of fact presented by it.

Notes and goods were delivered by the defendant to the complainant's solicitor to the amount of the judgment: but the notes were not paid at maturity and the makers of them have proved insolvent. The question is, whether the complainant received the notes in payment and satisfaction of the judgment absolutely or only by way of security and to be a satisfaction of the judgment only when paid.

The rule of law is that a note or bill taken for a precedent debt, which turns out to be bad, is no payment, unless the creditor expressly agrees to receive it as payment and run the risk of its goodness: *Tobey* v. *Barber*, 5 J. R. 68; *Johnson* v. *Weed*, 9 Ib. 311; *Whitbeck* v. *Van Ness*, 11 Ib. 414; *Hardin* v. *Kretsinger*, 17 Ib. 295; *Muldon* v. *Whitlock*, 1 Cowen, 306. The judgment in this case was a preexisting debt, and to support the plea it is incumbent on the defendant to prove affirmatively, not only the delivery of the notes and the acceptance of them by the complainant or his solicitor or attorney, but also an agreement to the effect just mentioned. The defendant's testimony certainly fails to prove this; and it goes no further than to show the notes were delivered in "settlement" of the judgment. This might be—and still not operate as an absolute payment and satisfaction. The circumstances attending the case, the course of the transaction and the testimony of the witnesses go to show there could not have been such an agreement or understanding in relation to the taking of the notes.

The plea is not supported; and the complainant is entitled to a decree for the payment of his judgment out of any estate or property of the defendant which can be discovered.

As the defendant has died since the hearing, a decree may be entered as of a day anterior to his death.